# McCormick v. Traction Co.

*Street railway—Negligence—Charge of court.*

Where the issue raised touching the resulting injury to plaintiff's foot, incident to a premature starting of a street car, was that the injury was due either to improper care and treatment after the injury or to a diseased condition of the foot before and after the accident, it was not error for the trial judge to use the word " violently " when speaking of the manner. in which the plaintiff's foot struck the pavement on the premature starting of the car. The plaintiff's uncontradicted evidence being that she struck the ground with such force as to sprain and injure her ankle.

Argued April 23, 1900.    Appeal, No. 16, April T., 1900, by defendant, in a suit of Margaret McCormick against the Pittsburg and Birmingham Traction Company, from judgment of C. P. No. 3, Allegheny Co., August T., 1896, No. 250, on verdict for plaintiff.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.    Opinion by W. W. PORTER, J.

Trespass.    Before KENNEDY, P. J.

It appears from the evidence that plaintiff claimed that while

alighting from one of defendant's cars the conductor gave the bell to start the car and the car started while she was still on the second step, causing her to stumble and her foot to turn. Plaintiff felt a stinging pain in her ankle but walked for several squares to her daughter's where she lay down and had her foot bathed. She rested at her daughter's until the next evening when she returned to Allegheny city where she was engaged as a housekeeper and resumed her accustomed duties. About three or four weeks after the accident Dr. Williard was in the house and her employer requested him to examine plaintiff's foot. About two months after Mrs. McCormick called on Dr. Williard in his office and again in June of the following year, 1897. In July, 1897, she called upon Dr. Husted who examined it. This was the only medical attention given to her injury until about two years after the accident when Dr. Rossman examined it and her foot was subjected to the X-rays and an operation was arranged for and performed for the purpose of relieving her from varicose veins from which she had been suffering in the same limb that she alleges was injured for four or five years prior to the accident. Defendant claimed that plaintiff's condition was due to varicose veins and that even if she was injured as she alleged that she was guilty of negligence in not caring for her injury or notifying appellant so that care and attention might have been provided.

The court charged the jury, inter alia, as follows :

[She says as she was leaving the car, and before she had quite cleared it, the bell was rung, and the car started suddenly; and in alighting she was thrown, by the sudden motion of the car, violently to the ground, or at least her foot struck the ground violently, and she would have been thrown down, but was caught by this lady who preceded her in getting off the car, who saved her from falling.] [1] . . . .

[Now the company, not being able as they say to furnish any testimony regarding the circumstances of the accident, claim that she is not injured to the extent that she claims here. They say that while her ankle may have been injured to some extent, by stepping off the car and striking the ground violently, and spraining it, yet if she had given it the proper attention at the time, it would have been well in a very short while.] [2]

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (1, 2) to portions of the judge's charge, reciting same.

*A. W. Duff*, with him *H. E. Carmack*, for appellant.—We feel that the verdict awarded by the jury was not justified by the evidence in the case. The appellee's injuries were of a very insignificant character. Her primary trouble lay in the varicose veins. Even if she was slightly injured, as she alleged, she did not take that care of her injury which she should have taken. She gave no notice to the traction company of the injury so that they might have cared for it, and, as summarized in the evidence of Dr. Thomas, her trouble was a nervous affection, and that the condition of her limb was not due to the accident complained of.

We therefore respectfully submit that the language used by the learned judge which is assigned for error, viz: that " in alighting she was thrown by the sudden motion of the car violently to the ground, or at least, her foot struck the ground violently, and she would have been thrown down, but was caught by this lady who preceded her in getting off the car, who saved her from falling," was inaccurate, and was not sustained by appellee's own evidence, which was the only evidence in the case as to how the accident happened, and that this language may have had an important bearing upon the jury's views of the case, and is therefore ground for reversal: Collins v. Leafey, 124 Pa. 203.

*T. H. Davis*, for appellee.—That the negligence of the defendant company was admitted, and that it was not practicable to attribute contributory negligence to the plaintiff is manifest from the fact that no motion was made for a nonsuit, nor were any special instructions asked for by the defendant in the trial of the cause in the court below. Nothing remained therefore but to determine the amount of damages to which the plaintiff was entitled, and this was exclusively for the jury: Willis v. Traction Co., 189 Pa. 430 ; Krepps v. Carlisle, 157 Pa. 358.

Where caution is properly exercisible by the trial court,

much more cautiously should an appellate court proceed where the trial court, after a conscientious review of the case, has refused to set aside the verdict : Palmer v. Publishing Co., 7 Pa. Superior Ct. 594.

OPINION BY WILLIAM W. PORTER, J., May 24, 1900 :

The plaintiff was injured while alighting from one of the cars of the defendant company. Her testimony alone details what occurred at the time of the accident. The defendant company rested their defense upon the allegation that the injury to the plaintiff's foot was due either to improper care and treatment after the injury, or to the diseased condition of the foot before and after the accident. Upon this point the case went to the jury. The two specifications of error are to the charge of the court wherein the trial judge uses the word "violently" when speaking of the manner in which the plaintiff's foot struck the pavement on the premature starting of the car.

It may be said that upon the issue raised by the defendant company little harm could have resulted from the language used in reference to the source of the injury. The learned judge says : "She says, as she was leaving and before she had quite cleared it, the bell was rung and the car started suddenly, and in alighting she was thrown by the sudden motion of the car violently to the ground, or at least her foot struck the ground violently," etc. In the second specification the language is : "They say that while her ankle may have been injured to some extent by stepping off the car and striking the ground violently and spraining it," etc.

The plaintiff does say that she struck her foot upon the ground with such force as to sprain and injure her ankle, and in this she is not contradicted. The learned trial judge was entirely justified in saying what he did.

We find no error committed and therefore the judgment is affirmed.